**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| GREAT WEST CASUALTY COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:26-cv-00064 |
| SHIVELY TRANSPORT LLC, | ) |
| Defendants, | ) |

## COMPLAINT FOR RESCISSION AND DECLARATORY JUDGMENT

Plaintiff, Great West Casualty Company ("Great West"), by and through its attorneys, William K. McVisk and Kari A. Shane, for its Complaint for Rescission and Declaratory Judgment against Defendant Shively Transport LLC ("Shively"), respectfully alleges as follows:

## INTRODUCTION

1. This is an action for rescission. Great West seeks to rescind the insurance policy bearing number MCP86706D due to the material misrepresentations made by Shively on its application for insurance.

2. Great West further brings this instant action to obtain a judicial declaration of its rights and obligations under the insurance policy bearing number MCP86706D. Great West seeks a declaration that it has no duty to defend and no duty to indemnify Shively Transport LLC in connection with a vehicle collision involving Shively's motor carrier authority that occurred on September 24, 2025.

3. Shively submitted an application for insurance to Great West in which Shively materially misrepresented that Shively did not use subhaulers to haul freight.

4. Based on the information provided in Shively's application, Great West issued a Commercial Lines Policy providing commercial auto coverage to Shively, effective July 20, 2025 to December 6, 2025.

5. On September 24, 2025, Charles Allen, while subhauling bagged livestock feed for Shively, rear ended Melinda Smith, causing a chain reaction resulting in fatal injuries to David Zinke.

6. At the time of the accident, Charles Allen had been subhauling for Shively for multiple years, making Shively's representation in its insurance application that it did not use subhaulers a material misrepresentation.

7. Accordingly, Great West brings this action for rescission of the policy and a judicial declaration that Great West owes no duty to defend or indemnify Shively in connection with September 24, 2025 accident.

## THE PARTIES

8. Plaintiff Great West is an insurance company incorporated in Nebraska with its principal place of business in South Sioux City, Nebraska.

9. Upon information and belief, Defendant Shively is a limited liability company with two members, Steven L. Shively and Gail L. Shively, both of whom are domiciled in the state of Indiana.

## JURISDICTION AND VENUE

10. Complete diversity of citizenship exists between Great West, a citizen of Nebraska, and Shively, which is a citizen of Indiana. Damages at issue are in excess of $75,000 as the September 24, 2025 accident was a fatal accident, and the limits of the Great West policy are $1,000,000 per "accident".

2

11. Venue in this Court is proper under 28 U.S.C. §1391(b)(1) and (2) as Shively does business in this district, the GWCC insurance policy that is the subject of the action was issued and delivered in this district, and the Underlying Accident occurred in this district.

12. In light of the above, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 to hear this action and this Court is the proper venue in which to bring this action.

## BACKGROUND FACTS

## APPLICATION FOR INSURANCE

13. On July 16, 2025, Shively signed a commercial insurance application that was subsequently submitted to Great West (the "Application"). A true and correct copy of the Application is attached hereto as **Exhibit A**.

14. The Application was signed and dated by Steven Shively, identified as the Manager of Shively Transport LLC.

15. The Application lists a number of questions underneath a heading that reads:

> I (we) hereby make application to Great West Casualty Company for the insurance coverages indicated below. I (we) understand that this insurance will not become effective until accepted by the Company. I (we) certify that the following statements are true and that my (our) policy will be issued based on this information. Any person who knowingly or intentionally presents, files or provides false, misleading, deceptive or otherwise materially inaccurate information to any insurer in submitting an application and/or claim, may be found guilty of insurance fraud.

16. In the Questionnaire section of the Application, Shively marked an "X" in the "No" column in response to the question "Do you use subhaulers to haul freight?"

17. The Application contained the following certification:

> I hereby certify that to the best of my knowledge, the above statements and answers are true and complete and are made as the basis and condition of the insurance applied for in this Application. **Any person who knowingly and intentionally presents, files or provides false, misleading, deceptive or otherwise materially inaccurate information to an insurer in**

3

**submitting an application and/or claim may be found guilty of insurance fraud.**

## THE GREAT WEST POLICY

18. On July 20, 2025, following receipt of the Application by Great West, Great West issued Commercial Lines Policy No. MCP86706D to Shively Transport LLC, effective July 20, 2025 to December 6, 2025 (the "Great West Policy"). A certified copy of the Great West Policy is attached hereto as **Exhibit B.** A certified copy of the Great West Policy's cancellation notice is attached hereto as **Exhibit C**.

19. The Great West Policy provides, in pertinent part, Commercial Auto Coverage for covered "autos."

20. The Great West Policy's Commercial Auto Coverage Part Motor Carrier Conditions section provides the following:

> **B.     GENERAL CONDITIONS**
>
> \* \* \*
>
> **2.     Concealment, Misrepresentation of Fraud**
>
> We will not pay for any "loss" or damage in any case of:
>
> **a.**   Concealment or misrepresentation of a material fact; or
> **b.**   Fraud;
>
> committed by an "insured" at any time and relating to a claim under this Policy.
>
> \* \* \*

21. The Great West Policy defines "loss" as "direct and accidental 'loss' or damage.

4

## THE COLLISION

22. On September 24, 2025, Charles Allen was operating a 2001 International truck with VIN 2HSCEAXR31C085894 with attached 2018 Great Dane trailer with VIN 1GRAA0624JT132324 in LaGrange, Indiana. *See* **Exhibit D**, Indiana Officer's Standard Crash Report.

23. Traffic came to a stop and Allen, blinded by the sun, did not see that traffic was stopped until it was too late. His foot got stuck between the gas and brake pedals and he rear ended Melinda Smith, setting off a chain reaction involving various vehicles (the "Collision"). *See id.*

24. As a result of the Collision, David Zinkie sustained fatal injuries.

25. At the time of the Collision, Allen was subhauling bagged livestock feed for Shively Transport.

26. Following the accident, Allen advised Great West that he has been working as a subhauler for Shively for five years.

## FIRST CAUSE OF ACTION
### (Rescission)

27. Great West incorporates Paragraphs 1 through 26 above as though fully set forth herein.

28. Great West seeks a judicial declaration that it is entitled to rescind the Great West Policy based on the material misrepresentation made by Shively in the Application.

29. A material misrepresentation or omission of fact in an insurance application, relied on by the insurer in issuing the policy, renders the coverage voidable at the insurance company's option.

30. Through its investigation of the loss notification in connection with the September 24, 2025 accident, Great West learned that Shively had made a material misrepresentation and

concealed material information in connection with applying for and obtaining insurance from Great West.

31. On the Application's Questionnaire, Shively falsely checked the "No" column in response to the question "Do you use any subhaulers to haul freight?" when Shively did in fact use at least one subhauler, Allen, to haul freight.

32. The misrepresentation in the Application materially affected Great West's acceptance of the risk because Great West would have evaluated and assessed the risk differently, made further inquiries during the underwriting process, calculated and determined the premium differently, and would not have issued the Great West Policy if the Application had been truthfully and accurately completed.

33. At the time the Application was submitted to Great West, Shively had knowledge of the misrepresentation because Allen had been subhauling for Shively for multiple years prior to Shively filling out the Application.

34. The misrepresentation in the Application was made with actual intent to deceive because Steven Shively, the Manager of Shively, attested to the truth of the statements contained in the Application even though he knew there was at least one misrepresentation in the Application.

## SECOND CAUSE OF ACTION
**(Declaratory Relief – Breach of Great West Policy's Motor Carrier Conditions)**

35. Paragraphs 1 through 34 above are incorporated by reference as though fully set forth herein.

36. Great West seeks a judicial declaration that pursuant to the Great West Policy's Concealment, Misrepresentation, Or Fraud condition, Great West is not obligated to pay for any loss in connection with the September 24, 2025 Collision or any other loss(es) due to Shively's concealment, misrepresentation and/or fraud on its insurance Application.

37. Shively intentionally concealed and/or misrepresented a material fact concerning Shively's use of subhaulers.

38. Because the driver of the truck involved in the September 24, 2025 Collision was Shively's subhauler, Shively's use of subhaulers is material to the September 24, 2025 Collision loss.

39. Accordingly, Shively failed to comply with the Concealment, Misrepresentation, Or Fraud condition and Shively is not entitled to coverage under the Great West Policy for the Collision.

WHEREFORE, Great West respectfully requests that this Court:

1. Grant a judgment in favor of Great West declaring that the Great West Policy is voidable and rescinding the Great West Policy;

2. Grant a declaratory judgment in favor of Great West, declaring that Shively breached the Great West Policy's Concealment, Misrepresentation, Or Fraud condition voiding coverage under the Great West Policy for any loss in connection with the Collision and any other loss;

3. Afford such other and further relief as this Court deems necessary and proper.

Dated: February 4, 2026

    Respectfully submitted,
    GREAT WEST CASUALTY COMPANY

    By: _/s/ *William K. McVisk*_____
        One of Its Attorneys

William K. McVisk
Kari Shane
TRESSLER LLP
Attorneys for Plaintiff
233 South Wacker Drive, 61st Floor

Chicago, Illinois 60606
(312) 627-4000
wmcvisk@tresslerllp.com
kshane@tresslerllp.com
Firm No. 46239